Filed 11/20/23  P. v. Eaton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN ALLEN EATON,<br><br>    Defendant and Appellant. | C096853<br><br>(Super. Ct. No. 93F04514) |

In 1993, defendant John Allen Eaton was convicted of first degree murder and second degree robbery with numerous enhancements and sentenced to 41 years to life.  In 2022, Eaton petitioned for resentencing.  After striking Eaton's prior prison term enhancement as legally invalid, the trial court declined to further modify his sentence and otherwise reimposed the original sentence.  On appeal, Eaton argues the court erred by failing to strike all but one of his enhancements and by relying on aggravating circumstances that were not properly proven.  We will affirm the judgment.  Due to a clerical error in the abstract, we shall order the clerk of the superior court to correct the abstract of judgment to delete Eaton's prior prison term enhancement.

1

BACKGROUND

On October 9, 1992, T.F. and his grandmother E.S.[1] were leaving a restaurant when they were confronted by Eaton and Walter Maurice Savage. Savage grabbed E.S.'s purse while Eaton pointed a semiautomatic handgun at T.F. and demanded his wallet. When T.F. did not respond, Eaton shot T.F. in the right temple, killing him. A jury found Eaton guilty of first degree murder (Pen. Code, § 187, subd. (a))[2] and second degree robbery (§ 211) with firearm use enhancements for both offenses (former § 12022.5, subd. (a)). The trial court found true that Eaton had a prior serious felony conviction (§ 667, subd. (a)) and had served a prior prison term (§ 667.5, subd. (b)). The court sentenced Eaton to 25 years to life for the murder conviction; five years (the upper term) for the robbery conviction; five years (the upper term at the time) for the firearm use enhancement for the murder; five years for the prior serious felony enhancement; and one year for the prior prison term enhancement.

In June 2022, Eaton petitioned for resentencing on numerous grounds, asserting that: (1) the sentence for his prior prison term enhancement was now legally invalid pursuant to section 1172.75 (former section 1171.1); (2) all but one of his enhancements should be stricken pursuant to section 1385; and (3) he should be sentenced to the lower term for the robbery conviction.[3] As to that final argument, Eaton contended that he was

---

[1] To protect their privacy, we refer to the victims by their first and last name initials. (Cal. Rules of Court, rule 8.90(b)(4).) Undesignated rule references are to the California Rules of Court.

[2] Undesignated statutory references are to the Penal Code.

[3] The record is silent as to whether the Department of Corrections and Rehabilitation provided Eaton's name and case number to the trial court prior to the resentencing. (See § 1172.75, subd. (b).) We presume the Department of Corrections and Rehabilitation performed its duty by the statutory deadline of July 1, 2022—well before the trial court recalled and resentenced Eaton in this case. (See Evid. Code, § 664.)

"eligible" for the lower term under section 1170, subdivision (b)(6)(B) because he was under 26 years old at the time of the offense. He further argued that the lower term was appropriate because the aggravating circumstances from his original sentencing could not be considered now as they had not been properly proven under section 1170.

At the resentencing hearing, the trial court first noted that Eaton was 22 years old at the time of the offense but made no finding that his youth was a contributing factor in the commission of the offense. The court then stated that "[t]he aggravating factors in this particular case include the following:" (1) a prior 1991 conviction for receiving stolen property and a prior 1989 conviction for battery causing serious bodily injury (rule 4.421(b)(2)); (2) prior prison terms for both of those convictions (rule 4.421(b)(3)); (3) that "defendant engaged in multiple conduct violations including violence and demonstrating he is a serious danger to society," citing specifically his 1988 battery of multiple security guards while committing theft, his 1989 battery causing serious bodily injury to a vice principal, and the present robbery and murder convictions (rule 4.421(b)(1)); (4) that his "prior performance on probation or under juvenile supervision is clearly unsatisfactory" (rule 4.421(b)(5)); and (5) that "defendant was on parole at the time of the commission of this current crime" (rule 4.421(b)(4)).

Next, the trial court found that Eaton's "CDC&R performance includes the following," before listing on the record Eaton's numerous prison rule violations. Finally, immediately before pronouncing the sentence, the court noted that the original sentencing judge in 1993 found Eaton's past crimes were "numerous and of increasing seriousness."

The trial court ultimately agreed that the one-year sentence for Eaton's prior prison term was no longer valid but disagreed that section 1385 mandated the dismissal of all but a single enhancement. The court went on to conclude that Eaton was not entitled to any relief under section 1385 because "he is a continuing danger to the community." It then reimposed the upper term of five years for both the robbery conviction and the firearm use enhancement, and five years for the prior serious felony

3

enhancement. In total, Eaton's sentence was reduced by one year due to the court striking the prior prison term enhancement. Eaton filed a notice of appeal with this court in August 2022. His opening brief was filed in December 2022, and this case was fully briefed on June 14, 2023.

DISCUSSION

I

*Striking All But a Single Enhancement*

Eaton argues that the trial court was required to strike all but a single enhancement pursuant to section 1385. We disagree.

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Subdivision (c)(1) of section 1385 as amended provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 provides in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The pertinent factor here is contained in subdivision (c)(2)(B) of section 1385: "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed."

4

Taken together, these provisions provide the trial court with the discretion to decide not to dismiss the enhancement due to the mitigating factors in section 1385, subdivision (c)(2), if the court finds the dismissal of the enhancement would endanger public safety. (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18; *People v. Walker* (2022) 86 Cal.App.5th 386, 391, review granted Mar. 22, 2023, S278309.) Here, the trial court made such a finding when it found Eaton was "a continuing danger to society" and thus declined to dismiss all enhancements beyond a single enhancement. Eaton does not challenge this factual finding on appeal. We conclude that the trial court properly exercised its discretion under section 1385.

II

*Upper Terms for Robbery Conviction and Firearm Enhancement*

Eaton next argues that the trial court violated his constitutional and statutory rights by reimposing the upper terms for the robbery conviction and the firearm enhancement based on aggravating circumstances not proven to a jury beyond a reasonable doubt or stipulated to by Eaton. More specifically, Eaton contends that three of the aggravating factors found by the court involve subjective determinations and thus had to be submitted to a jury: (1) that "defendant engaged in multiple conduct violations including violence and demonstrating he is a serious danger to society"; (2) that his "prior performance on probation or under juvenile supervision is clearly unsatisfactory"; and (3) that his offenses were "numerous and of increasing seriousness." (Bolding omitted.) We find no constitutional error but agree that the court relied on aggravators not proven in accordance with section 1170. We further conclude that this error was harmless.

As an initial matter, Eaton argued in the trial court that he should be resentenced to only the lower term for the robbery conviction—not for both the robbery conviction and the firearm enhancement, as he now argues. Because Eaton's argument as to the firearm enhancement was not raised below, it is forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

5

Turning to Eaton's constitutional challenge, the trial court did not violate his Sixth Amendment right to a jury trial by imposing an upper term sentence in this case. In general, "imposition of the upper term does not infringe upon the defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." (*People v. Black* (2007) 41 Cal.4th 799, 816.) This is true because under current California law, like under prior law in place until 2007, a jury's finding of a single aggravating circumstance is sufficient to make a defendant eligible for an upper term sentence. (*Id.* at pp. 812-816; see also *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1111-1112 (*Zabelle*).)

Here, numerous aggravating circumstances relied upon by the trial court were found in compliance with the Sixth Amendment. First, the trial court found that Eaton had two prior convictions. Eaton did not object below to the records establishing these convictions nor does he challenge these aggravating circumstances on appeal. As findings of prior convictions, the trial court established these facts in compliance with the Sixth Amendment. Similarly, the trial court established that Eaton had served two prior prison terms and was on parole at the time he robbed and murdered T.F. Our Supreme Court has held that these findings do not infringe the right to a jury trial. (*People v. Towne* (2008) 44 Cal.4th 63, 81-82.) Because any one of these aggravating circumstances rendered Eaton eligible for an upper term sentence under current law, the trial court's reliance on other factors did not violate his constitutional rights. (See *id.* at p. 86; *Harris v. United States* (2002) 536 U.S. 545, 558 ["Judicial factfinding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments"].)

6

Though the trial court did not violate the Sixth Amendment, it did violate section 1170, subdivision (b). Under this provision, an upper term sentence must be justified by circumstances in aggravation, and the facts underlying those circumstances must have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. (§ 1170, subd. (b)(1), (2).) An exception to this rule authorizes the court to consider Eaton's prior convictions in determining sentencing based on certified records of conviction without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3).) Here, none of the aggravating circumstances were found in compliance with section 1170, as they were not stipulated to by Eaton, found true beyond a reasonable doubt by a jury or by the judge in a bench trial, or based on certified records of conviction.[4]

That said, the California Constitution forbids us from vacating Eaton's sentence based on this error alone. Rather, we must determine, "after an examination of the entire cause, including the evidence," whether the error has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.) In other words, we must affirm a judgment unless "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) In this context, we first determine whether a jury would have found any of the underlying facts not true and "then, with the aggravating facts that survive this review, consider whether it is reasonably probable that the trial court would have chosen a lesser sentence had it considered only these aggravating facts." (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1112.)

---

[4] The People note that Eaton waived his right to a jury trial as to the fact of his prior convictions and prior prison terms at the original trial in 1993. But there is no evidence of this jury trial waiver in the appellate record, and regardless, the People do not rely on this waiver in their opposition.

We are confident a jury would have found, beyond a reasonable doubt, the facts underlying Eaton's prior convictions, prior prison terms, and his parole status at the time of the offense. The probation report detailed Eaton's criminal history and parole status, and we presume the probation officer performed his statutory duty properly. (Evid. Code, § 664; § 1203, subds. (b), (g).) Importantly, Eaton did not object to or dispute this evidence at the resentencing hearing, despite having the opportunity to do so (§ 1170, subd. (b)(4)) and despite the relative ease with which Eaton could have obtained records from these cases if the probation officer was mistaken (see, e.g., §§ 11120-11127; Gov. Code, § 68152, subd. (c)). And as noted, Eaton does not even challenge these aggravators in the present appeal.

We are also confident the jury would have found, beyond a reasonable doubt, Eaton's prior performance on probation or parole was unsatisfactory. Not only did Eaton commit the present robbery and murder while on parole, but the probation report details numerous other instances in which he violated probation or parole. For instance, he had been sentenced to three years of informal probation on April 5, 1989, only to be arrested seven days later for a battery causing serious bodily injury, an offense for which he was ultimately convicted. Similarly, he violated his parole when he was found in possession of stolen property in 1991. His parole officer also notes that Eaton "could be considered a failure on parole" and that he "had made minimal progress."

On the other hand, we are not confident a jury would have found true the facts underlying the two remaining aggravating circumstances relied on by the trial court. Whether Eaton "engaged in violent conduct that indicates a serious danger to society" and whether his past offenses were "numerous and of increasing seriousness" rest on a somewhat vague and subjective standard, which makes it difficult "to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840.) We are also mindful that we "cannot necessarily assume that the

8

record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury." (*Id*. at p. 839.) Accordingly, we cannot say with confidence that the jury would have found the facts underlying these circumstances true beyond a reasonable doubt.

As to Eaton's prison rule violations, the People submit that the trial court did not consider those violations as an aggravating circumstance in selecting the upper terms but, rather, only considered them when denying relief under section 1385. We agree. The sentencing pronouncement started with the court expressly listing Eaton's aggravating circumstances, saying, "[t]he aggravating factors in this particular case include the following." Then, subsequently and distinctly, the court went on to list Eaton's prison rule violations, saying, "[h]is CDC&R performance includes the following." As such, the court did not consider Eaton's prison rule violations to be an aggravating circumstance but instead considered those violations only for the purposes of the court's section 1385 finding. This is consistent with the prosecution's sentencing brief below, as Eaton's prison rule violations were discussed only as to the section 1385 issue and not mentioned when arguing against the lower term for the robbery conviction.

Having determined that four of the six aggravating circumstances would have been found by a jury beyond a reasonable doubt, we next determine whether there is a reasonable probability the trial court would have imposed a lesser sentence had the court known it could not rely on the two improper aggravating circumstances. (*Zabelle, supra*, 80 Cal.App.5th at p. 1112.) A reasonable probability "does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*." (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715.) In this context, a reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the reviewing court cannot determine whether the improper factor was determinative. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

9

We see no reasonable probability the trial court would impose a lesser sentence had the trial court relied solely on the four aggravating circumstances that remain. Under section 1170, subdivision (b) the middle term is the presumptive sentence for a term of imprisonment. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.) While Eaton argued he was eligible for the lower term due to his age at the time of his offense, the court made no finding that his age "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) The court placed particular emphasis on the violence of Eaton's criminal history when considering his prior convictions, specifically citing to his 1988 battery of multiple security guards while committing theft; his 1989 conviction for battery causing serious bodily injury for attacking a vice principal at Encina High School causing multiple fractures (which the trial court mentioned several times); and the present robbery and murder of T.F. Considered together with the remaining aggravators— Eaton's multiple prior prison terms, the fact that he was on parole at the time of the offense, and his prior poor performance on parole—we conclude there is no reasonable probability the court would have imposed a lesser sentence, even without relying on two of the aggravating circumstances. As such, the court's improper reliance on those two factors was a harmless error.

### III

### *Abstract of Judgment*

The abstract of judgment indicates that the punishment was stricken for the prior prison term enhancement under section 667.5. Eaton submits that because the enhancement is legally invalid, it should be removed from the abstract of judgment entirely. The People agree, as do we.

## DISPOSITION

The judgment is affirmed.  The clerk of the superior court is directed to prepare a corrected abstract of judgment with Eaton's section 667.5 enhancement removed and to forward a certified copy to the Department of Corrections and Rehabilitation.


_____/s/_____
BOULWARE EURIE, J.


I concur:


_____/s/_____
ROBIE, Acting P. J.


I concur; as to part II of the Discussion, I concur in the result.


_____/s/_____
MAURO, J.

11